IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON DANIELS, | : | Civil No. 3:22-cv-1893 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN STEPHEN SPAULDING, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Damon Daniels ("Daniels") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court apply his earned time credits ("ETCs") under the First Step Act ("FSA"). (Doc. 1). Daniels seeks release from custody. (*Id.* at p. 7). For the reasons set forth below, the Court will dismiss the habeas petition.

**I.   Background**

On February 28, 2020, Daniels was sentenced to a 24-month term of imprisonment for his conviction of conspiracy to traffic in counterfeit goods, trafficking in counterfeit goods, conspiracy to commit wire fraud, wire fraud, and aiding and abetting, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 6-1, pp. 6-8, Public Information Inmate Data). Daniels' sentence commenced on September 10, 2021, when he entered the custody of the Bureau of Prisons ("BOP"). (*Id.* at p. 8). He received credit for the period of

January 31, 2019 to February 27, 2019, and had a full-term expiration of August 12, 2023. (*Id.*).

On October 9, 2022, the BOP conducted an FSA time credit assessment for Daniels and applied 39 days of time credit toward his release date and 36 days of time credit toward his placement in a residential re-entry center or home confinement. (*Id.* at p. 10). Based on the application of anticipated good conduct time and the earned time credits, his current projected release date is March 18, 2023. (*Id.* at p. 8).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Daniels filed a total of seven administrative remedies. (Doc. 6-1, pp. 12-16). Of those seven administrative remedies, only one pertains to earned time credits—administrative remedy number 1138929-F1. (*See id.*). On October 28, 2022, Daniels filed administrative remedy number 1138929-F1 at the institution level, challenging his FSA time credit assessment. (*Id.* at p. 16). On November 1, 2022, the Warden denied the remedy with an explanatory response. (*Id.*). Daniels did not file an appeal to the Regional Office or the Central Office. (*See id.*).

In his § 2241 petition, Daniels alleges that BOP has failed to apply his earned time credits under the First Step Act. (Doc. 1). Respondent contends that Daniels' § 2241 petition must be dismissed on the following grounds: (1) the habeas petition is moot because the BOP has applied the earned time credits, as requested; and (2) Daniels failed to exhaust his administrative remedies. (Doc. 6).

II.     <u>Discussion</u>

    A.     The Habeas Petition is Moot

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey*, 556 F.3d at 146-50.

In the present case, Daniels sought the award of earned time credits under the First Step Act. As Daniels has received the credits he sought, he no longer has a concrete, redressable injury. (*See* Doc. 6-1). This Court therefore lacks an opportunity to provide Daniels with any meaningful relief in this habeas matter, and his challenge is moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). To the extent the Daniels seeks immediate release from

custody based on his argument that he is entitled to more earned time credits, he has failed to exhaust the available administrative remedies.

### B.     Exhaustion of Administrative Review

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."  *Moscato*, 98 F.3d at 761-62 (citations omitted).  The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  *See generally* 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  *See id.* §§ 542.13-.15.  No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel.  *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  *See Moscato*, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is

unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Daniels' Administrative Remedy Generalized Retrieval report demonstrates that he failed to properly exhaust the claims in the instant habeas petition. (Doc. 6-1, pp. 12-16). The record reflects that Daniels filed administrative remedy number 1138929-F1 related to time credits under the First Step Act. (*Id.* at pp. 16, 20-21). Upon review, the Warden denied the administrative remedy. (*Id.* at pp. 16, 18). In the response, the Warden explained that Daniels was in FSA refuse status because he had numerous incomplete needs assessment categories from September 25, 2021 through February 17, 2022. (*Id.* at p. 18). The Warden further noted that Daniels had since started to accrue FSA time credits. (*Id.*). He advised Daniels that he may appeal to the Regional Office within 20 days of the

date of the response.  (*Id.*).  Daniels failed to appeal to the Regional Office or the Central Office.  (*See id.* at pp. 12-16).

Daniels concedes that he did not exhaust administrative remedies with regard to his FSA earned time credits and argues that exhaustion would be futile.  (Doc. 1, p. 6).  Even if Daniels thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'"  *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)).  Moreover, while the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Daniels' eligibility for earned time credits and the specific number of ETCs earned by Daniels.  The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused.  Daniels' claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials and properly exhausted.

Because Daniels did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed.  *See Moscato*, 98 F.3d at 762.  To hold

6

otherwise would frustrate the purposes of the exhaustion doctrine by allowing Daniels to invoke the judicial process despite failing to complete administrative review.

## III.     Conclusion

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  A separate Order shall issue.


    s/ Robert D. Mariani  
Robert D. Mariani  
United States District Judge

Dated: December 28, 2022